## Washabaugh et ux. v.
## Fayetteville Contractors, Inc.

*Albert Foster,* for plaintiffs.
*Thomas J. Finucane,* for defendant.

KELLER, *J.,* June 4, 1974—Plaintiffs, D. A. Washabaugh and Ruth M. Washabaugh, his wife, are the owners of a property known as 100 Lincoln Way West, McConnellsburg, Pa. The property is located on the northern side of Lincoln Way West and a terracotta pipe has drained ground water from the basement of plaintiffs' property under the roadbed of Lincoln Way West to the basement of the First National Bank of McConnellsburg, Pa., on the south side of Lincoln Way West for a period allegedly in excess of 50 years. The said terracotta pipe was not openly visible to the public, officials of the Borough of McConnellsburg, or owners or agents of land directly opposite plaintiff's real estate.

The McConnellsburg Sewage Authority had contracted with defendant to dig a ditch (for sewer line purposes) south of the center line of Lincoln Way

West. On or about February 1, 1971, plaintiff, D. A. Washabaugh, orally notified defendant's superintendent, Roy Rife, of the existence of the terracotta pipe in the roadbed. Subsequent to the oral notice, plaintiffs allege defendant or its employes broke and severed the said terracotta pipe.

This action in trespass has had a rather tortuous and long-delayed journey through the court system. The initial complaint was filed on June 30, 1971. Since that date preliminary objections have twice been filed by defendant; arguments have been heard on the preliminary objections, and opinions and orders filed by the court; an amended complaint and answer containing new matter and a reply to defendant's new matter have been filed putting the matter at issue. Defendant has filed a motion for judgment on the pleadings, and that motion is now before the court for adjudication.

Pa. R.C.P. 1035 provides inter alia:

"(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any.

"(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages."

Preliminarily, it must be noted that neither party has filed any depositions, interrogatories or affidavits, and the only information before the court upon which it can act are the pleadings above referred to.

An examination of the pleadings discloses the following issues of fact:

1. It is alleged by plaintiffs and denied by defendant that plaintiffs do have an easement which rests upon a written or oral agreement to their predecessors in title to maintain the pipe in the bed of Lincoln Way West. (Complaint paragraph 5; answer paragraph 5; new matter paragraphs 6 and 7; reply paragraphs 6 and 7.)

2. Plaintiffs allege that plaintiff, D. A. Washabaugh, did notify defendant's superintendent, Roy Rife, of the approximate location of the pipe in the roadbed and did request the superintendent to repair the line after its severance. Defendant denies Mr. Rife was notified of the approximate location of the pipe, and that plaintiffs requested its repair after severance. (Complaint paragraph 7; answer paragraph 7; new matter paragraph 5; reply paragraph 5.)

3. Plaintiffs allege the defendant broke and severed the said pipe. Defendant denies that it broke or severed the pipe. (Complaint paragraphs 8 and 10; answer paragraphs 8 and 10.)

4. Defendant alleges the drainage pipe was never seen in defendant's sewage ditch or its immediate vicinity, and plaintiffs demand proof of the allegation. (New matter paragraph 4; reply paragraph 4.)

5. Defendant alleges the existence of the terracotta pipe was not known to the general public,

officials of the Borough of McConnellsburg or owners or agents of land directly opposite plaintiffs' tract of real estate for a period of 21 years or longer, and plaintiffs demand proof of the allegation. (New matter paragraph 9; reply paragraph 9.)

6. Defendant alleges that it would have been necessary to sever any pipe that would have intercepted the sewage ditch being dug for the purpose of laying a sewer line. Plaintiffs deny the allegation and, to the contrary, aver that exercising care defendant would not have severed the said pipe. (New matter paragraph 12; reply paragraph 12.)

"Although the basis for decision is different, the Court, as in the case of a demurrer or a judgment on the pleadings, will not enter a summary judgment when from the pleadings, affidavits, depositions, and so forth, the right to such a judgment is not clear and free from doubt, and no issue of fact is presented. Any doubt as to the propriety of the entry of a summary judgment is to be resolved against this entry.

"The record must be examined most favorably to the adverse party.

"An additional reason for refusing a summary judgment in case of doubt is that a party should not be deprived of his right to a trial except in a clear case": 2B Anderson Pa. Gov. Prac. §1035.17.

In Raylon Beauty Supply v. $12,900., 60 Luz. L. 85 (1970), the court held a party was not entitled to judgment in a motion for summary judgment unless there is no issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. In Tillett v. West Ward Savings & Loan Association, 40 Northumb. 62 (1968), it was held that the court should take view of the evidence most favorable to the party against whom

the motion is directed, giving to that party the benefit of all favorable inferences that might be reasonably drawn from the evidence in determining whether a material issue of fact exists.

In the case at bar, we cannot conclude that defendant's right to the entry of a final judgment is clear and free from doubt as a matter of law; nor can we conclude that there are not material issues of fact existing.

### ORDER

Now, June 4, 1974, defendant's motion for a summary judgment is denied.

Exceptions are granted defendant.